UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

CASE NO.:

MATTHEW CLOSE

       Plaintiff,

vs.

CLIENT SERVICES, INC
Serve at:
Registered Agent
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE, FL 32301


       Defendant.

_____ /

**COMPLAINT**

    Comes now Plaintiff, Matthew Close, by and through counsel; Nirav Desai, and states the following:

**INTRODUCTION AND JURISDICTION**

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et. seq.* ("FDCPA").

2. This Court has jurisdiction of the FDCPA claim under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3. Venue is appropriate in this Court because Defendants directed its illicit conduct at Plaintiff in Palm Beach County, Florida.

4. This is an action for damages that are more than $5,000 but less than $15,000 exclusive of attorney's fees, punitive damages, and costs.

**PARTIES**

5.     Plaintiff is a natural person currently residing in Palm Beach County, Florida. Plaintiff is a consumer within the meaning of the FDCPA. The alleged debt owed arises out of consumer, family and household transactions.

6.     Defendant, Client Services, Inc ("CSI") is a foreign corporation with its principal place of business in St. Charles, MO. The principal business purpose of Defendant is the collection of debts and CSI regularly attempts to collect debts.

7.     CSI is engaged in the collection of debts from consumers using the mail and telephone in Florida. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

## FACTS

8.     Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months for his FDCPA claims.

9.     The alleged debt stems from a Capital One personal credit card and CSI was retained to collect on the account.

10.    On or around March 19, 2018 CSI sent Plaintiff a dunning letter and this was their initial communication.

11.    In response to CSI's correspondence Plaintiff contacted them on or around April 5, 2018. During the call CSI offered Plaintiff a "time sensitive" settlement offer for roughly $1,200 that was only good until the end of the month and was only a one time offer.

12.    When the parties spoke again on May 8, 2018 CSI offered Plaintiff a better settlement offer for roughly $900.

13.    CSI's assertions that their settlement was "time sensitive" was a misrepresentation intended to deceive Plaintiff into paying on the alleged debt because it was not time sensitive in violation of 15 U.S.C. §1692e.

14.    Plaintiff's original credit limit on this credit card was for $3,000. However, in CSI's dunning letter they are demanding payment for over $3,263.

15. Plaintiff does not owe this much money to Capital One and the extra amount claimed owed is a misrepresentation of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §16922e(2)(A).

16. CSI also added extra fees and charges to the credit card balance not authorized by statute or contract in violation of 15 U.S.C. §1692f(1).

17. Defendant's collection attempts and misrepresentations have caused Plaintiff to incur actual damages, attorney's fees, as well as emotional distress.

### COUNT I: VIOLATION OF THE FDCPA AGAINST ATF

18. Plaintiff re-alleges and incorporates by reference the above paragraphs.

19. Defendant regularly attempts to collect consumer debts asserted to be due to another and at all relevant times herein, was a "debt collector" as defined by 15 U.S.C. §1692a(6).

20. A single action on the part of the debt collector can violate multiple sections of the FDCPA.

21. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C §1692 *et. seq.* including, but not limited to the following:

    a. Used false, deceptive, or misleading representations in connection with the alleged debt in violation of 15 U.S.C. §1692e;

    b. Added unauthorized interest, fees, or charges to the alleged debt in violation of 15 U.S.C. §1692f(1);

    c. Misrepresented the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    **A.** Declaratory judgment that Defendant's conduct violated the FDCPA;

    **B.** Actual damages;

    **C.** Release of the alleged debt;

    **D.** Statutory damages, costs, litigation expenses and attorney's fees pursuant to 15 U.S.C.

1692(k); and

E. For such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, Matthew Close, hereby demands a trial by jury of all issues so triable.

By: __/s/ Nirav Desai_____
Nirav A. Desai, Esq.
Florida Bar # 0093202
nirav_a_desai@hotmail.com
*Attorney for Plaintiff*
Law Office of Nirav A. Desai, P.A.
3060 16th St. NW Apt. 303
Washington, D.C. 20009
Telephone: 631.327.2990